IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STORMIE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CHAPPLE CORPORATION D/B/A LORENE LODGE AND CERTIPAY PEO SOLUTIONS II OF GEORGIA, INC. D/B/A CERTIPAY PEO SOLUTIONS III, INC.,<br><br>    Defendants. | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Stormie Williams brings this Complaint for damages and other relief against Defendants Chapple Corporation d/b/a Lorene Lodge and CertiPay PEO Solutions II of Georgia, Inc. d/b/a CertiPay PEO Solutions III, Inc. and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA") and for breach of contract against Defendant CertiPay PEO Solutions II of Georgia, Inc. pursuant to Georgia law.

1

## PARTIES

2. Plaintiff Stormie Williams ("Plaintiff") is a citizen of Georgia.

3. Defendant Chapple Corporation is a Georgia corporation.

4. Defendant Chapple Corporation's principal office is located at 500 Lorne Drive, SW, Number 334, Marietta, Georgia 30060.

5. Defendant Chapple Corporation may be served with process by delivering a copy of the Summons and this Complaint to Chapple Corporation's registered agent, Joseph C. Chapple, 500 Lorne Drive, SW, Number 334, Marietta, Georgia 30060.

6. Defendant CertiPay PEO Solutions PEO Solutions II of Georgia, Inc. ("CertiPay") is a Georgia limited liability company.

7. Defendant CertiPay's principal office is located at 8535 Rivoli Road, Suite A, Juliette, Georgia 31046.

8. Defendant CertiPay may be served with process by delivering a copy of the Summons and this Complaint to CertiPay's registered agent, Lisa Wheeler, 180 Willingham Drive, Suite E, Juliette, Georgia 31046.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because they raise questions of federal law.

10. The Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

11. Plaintiff's state law claim arises out of a common nucleus of operative fact as her federal claim for unpaid overtime wages under the FLSA because both claims arise out of Zenith's wage and hour policies and practices.

12. Under 28 U.S.C. § 1391 and Local Rule 3.1, venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Marietta, Georgia which is within the Atlanta Division of the Northern District of Georgia.

**FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR FAILURE TO PAY OVERTIME**

13. Defendant Chapple Corporation qualifies as an "employer" within the meaning of the FLSA.

14. Defendant Chapple Corporation is a covered enterprise under the FLSA.

15. Defendant Chapple Corporation's gross sales or business done in the past three calendar years exceeds $500,000.00 annually.

16. Defendant Chapple Corporation is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

17. Defendant Chapple Cooptation operates the Lorene Lodge, located at 500 Lorene Drive, SW, Number 334, Marietta, Georgia 30060.

18. Lorene Lodge is a motel.

19. During Plaintiff's employment with Defendants, Julie Yater was Plaintiff's direct supervisor.

20. While Plaintiff was employed by Defendants, Yater was the Property Manager of Lorene Lodge.

21. Defendant Chapple Corporation employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

22. Defendant Chapple Corporation orders and receives products from outside the state of Georgia.

23. Defendant Chapple Corporation's employees regularly use cleaning supplies which have traveled in interstate commerce.

24. Defendant Chapple Corporation's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

25. Defendant Chapple Corporation's employees regularly use telephones manufactured outside the state of Georgia while performing their job duties.

26. Defendant Chapple Corporation uses the internet to advertise its services across state lines.

27. Defendant Chapple Corporation employed Plaintiff.

28. Plaintiff worked for Defendant Chapple Corporation at the Lorene Lodge.

29. Plaintiff worked at the Lorene Lodge as a housekeeper and as a front desk clerk.

30. Defendant Chapple Corporation furnished the cleaning supplies used by Plaintiff.

31. Defendant Chapple Corporation had the ability to fire Plaintiff.

32. Defendant Chapple Corporation did in fact fire Plaintiff on or about May 10, 2017.

33. Defendant Chapple Corporation set Plaintiff's schedule.

34. Defendant Chapple Corporation directed Plaintiff's daily work duties.

35. Defendant Chapple Corporation supervised Plaintiff.

36. Defendant CertiPay qualifies as an "employer" within the meaning of the FLSA.

37. Defendant CertiPay is a covered enterprise under the FLSA.

38. Defendant CertiPay's gross sales or business done in the past three calendar years exceeds $500,000.00 annually.

39. Defendant CertiPay is an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

40. Defendant CertiPay employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce.

41. Defendant CertiPay orders and receives products from outside the state of Georgia.

42. Defendant's employees regularly handle materials that were manufactured outside the state of Georgia while performing their job duties.

43. Defendant CertiPay's employees regularly use telephones manufactured outside the state of Georgia while performing their job duties.

44. Defendant CertiPay uses the internet to advertise its services across state lines.

45. Defendant CertiPay is a staffing agency.

46. Defendant CertiPay employed Plaintiff.

47. Defendant CertiPay hired Plaintiff on or about the middle of December 2016.

48. Defendant CertiPay contracted with Plaintiff to compensate her at an hourly rate of $8.00.

49. At all times relevant to this Complaint, Defendant CertiPay had the authority to fire Plaintiff.

50. Defendant CertiPay directed Plaintiff to perform work on behalf of Chapple Corporation.

51. Defendant CertiPay maintained Plaintiff's employment records.

52. Defendant CertiPay paid Plaintiff's wages.

53. Plaintiff was jointly employed by Defendants pursuant to the FLSA.

54. Defendant CertiPay had a contract with Defendant Chapple Corporation to send Plaintiff to Lorene Lodge to perform work on behalf of Chapple Corporation.

55. Plaintiff was an individually-covered employee under the FLSA.

56. As a part of her job duties, Plaintiff regularly processed credit cards across state lines using the internet and/or the telephone.

57. Plaintiff typically worked for Defendants five or six days per week.

58. Plaintiff had a shifting schedule, but typically arrived prior to her scheduled start time to perform work on behalf of Defendants.

59. Plaintiff typically stayed past her scheduled end time to perform work on behalf of Defendants.

60. As part of Plaintiff's job duties, she would stay late to count the cash drawer and shut down the computers.

61. During her employment with Defendants, Plaintiff was subject to an automatic lunch deduction policy of one hour each day she worked.

62. Plaintiff's wages were subject to this automatic lunch deduction policy even on days she worked through some or all of her lunch break.

63. To log her time, Plaintiff was required to write her time down on a paper timesheet.

64. Yater regularly directed Plaintiff to clock out on the paper timesheet and keep working.

65. Yater regularly crossed out Plaintiff's logged time and wrote a different time than Plaintiff's log, resulting in the log depriving Plaintiff of hours she worked.

66. Yater regularly worked the same shift with Plaintiff.

67. Yater observed Plaintiff working.

68. Plaintiff often complained to Yater about having to work past her scheduled end time.

69. Yater observed Plaintiff regularly working hours in excess of 40 hours per week.

70. Defendants, however, failed to maintain accurate records of Plaintiff's hours worked.

71. Defendants knew or should have known that Plaintiff worked hours in excess of 40 during certain workweeks.

72. Defendants' practices resulted in Plaintiff working hours in excess of 40 per week for which she was not compensated at one and one-half times her regular rate of pay.

73. Defendants' failure to maintain accurate records of Plaintiff's hours worked constitutes a violation of the FLSA.

### FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT CERTIPAY

74. Plaintiff had a contract with Defendant CertiPay to be compensated at $8.00 per hour for all hours she performed work.

75. Plaintiff did in fact perform work under her contract with CertiPay.

76. Plaintiff routinely worked 40 or more hours per week.

77. Defendant CertiPay regularly failed to pay Plaintiff for all non-overtime hours she worked.

78. For example, Plaintiff typically worked more than 40 hours per week, but was never compensated for all of her work time.

### COUNT 1: FAILURE TO PAY OVERTIME WAGES

79. Plaintiff worked more than 40 hours per week during certain workweeks while employed by Defendants.

80. Defendants failed to compensate Plaintiff for all hours worked, including those in excess of 40 per workweek.

9

81. Defendants failed to compensate Plaintiff at one and one-half times her regular rate of pay for all hours worked over 40 during certain workweeks.

82. Defendants suffered or permitted Plaintiff to work hours in excess of 40 during certain workweeks.

83. Defendants knew or should have known that Plaintiff worked in excess of 40 during certain workweeks.

84. Defendants knew Plaintiff worked more than 40 hours during certain workweeks but chose not to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over 40 per workweek.

85. Defendants' violated the FLSA's overtime provision willfully and with reckless disregard for Plaintiff's rights.

86. Defendants failed to keep accurate time records of the hours worked by Plaintiff, which is a violation of the FLSA.

87. Pursuant to U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorney's fees and costs of litigation.

## COUNT 2: BREACH OF CONTRACT

88. Defendant CertiPay's agreement to pay an hourly wage to Plaintiff constituted a binding contract.

89. Defendant CertiPay failed to pay Plaintiff their agreed-upon hourly wage for all hours worked.

90. Each time Defendant CertiPay failed to pay the agreed-upon wage for all hours worked, CertiPay breached its contractual agreement with Plaintiff.

91. Defendant CertiPay is liable to Plaintiff for the amount of unpaid straight-time wages that she worked in non-overtime weeks.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests that the Court:

(a) Declare that Defendants are joint employers under the FLSA and that they violated the FLSA;

(b) Enter judgment against Defendants that they violated the FLSA and, further, that their violations were willful;

(c) Enter a monetary judgment against Defendants, including:

    i) Unpaid overtime wages;

    ii) Liquidated damages in an amount equal to Plaintiff's unpaid wages;

    iii) Reasonable costs and attorney's fees; and

    iv) Prejudgment interest;

(d) Declare that Defendant CertiPay breached its contract with Plaintiff for her unpaid straight-time wages;

(e) Enter judgment against Defendant CertiPay that it breached its contract with Plaintiff for her unpaid straight-time wages;

(f) Enter a monetary judgment against Defendant CertiPay for unpaid straight-time wages; and,

(g) Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial.

Respectfully submitted: August 23, 2018.

|  |  |
|---|---|
|  | /s/  William Cleveland |
| POOLE HUFFMAN LLC | William Cleveland |
| 3562 Habersham at Northlake | Georgia Bar No. 721593 |
| Building J, Suite 200 |  |
| Tucker, Georgia 30084 |  |
| Phone: (404) 373-4008 |  |
| William@poolehuffman.com | Counsel for Plaintiff |